UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

RISA F. DALEY,

        Plaintiff,

   v.

MORTGAGEIT, INC.; GMAC MORTGAGE, LLC; KATIE SPIERS; DEBORAH A. GORDON; SEVEN HILLS PROPERTIES f/k/a WINDSOR CAPITAL CORPORATION; and DOES 1-20 inclusive,

        Defendants.

NO. 2:10-cv-2531 FCD KJN

ORDER

----oo0oo----

The court has reviewed defendant MortgageIT, Inc.'s amended notice of removal to the United States District Court for the Eastern District of California under 28 U.S.C. §§ 1441(b) based on federal question jurisdiction. The court finds that the underlying complaint, alleging causes of action for (1) fraud and deceit, (2) negligent misrepresentation, (3) breach of fiduciary duty, (4) aiding and abetting, (5) breach of contract, (6) tortious interference with contractual relations, (7) negligence,

and (8) wrongful foreclosure does not present a federal question and is therefore improperly before this court.

"The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Sacramento Metropolitan Air Quality Management Dist. v. United States, 215 F.3d 1005, 1014 (9th Cir. 2000). Federal jurisdiction may also lie if "it appears that some substantial disputed question of federal law is a necessary element of one of the well-pleaded state claims." Rains v. Criterion Sys., Inc., 80 F.3d 339, 345 (9th Cir. 1996) (quoting Franchise Tax Bd. of California v. Construction Laborers Vacation Trust for Southern California, 463 U.S. 1, 13 (1983). However, "[w]hen a claim can be supported by alternative and independent theories – one of which is a state law theory and one of which is a federal law theory – federal question jurisdiction does not attach because federal law is not a necessary element of the claim." Id. (holding that the plaintiff's wrongful discharge claim did not give rise to federal question jurisdiction because it could be supported by violations of the state law constitution, not only violations of a federal statute); Lippit v. Raymond James Fin. Servs., Inc., 340 F.3d 1033, 1043 (9th Cir. 2003) (holding that California unfair competition law claims did not give rise to federal question jurisdiction because such claims are based on unfair or fraudulent conduct generally, and not necessarily violations of federal rules and regulations); Mulcahey v. Columbia Organic Chemicals, 29 F.3d 148. 153 (4th Cir. 1994)

(holding that negligence action alleging violations of local, state, and federal environmental laws did not confer federal question jurisdiction).

In this case, plaintiff's claims do not rely solely on violations of federal law.  Indeed, while defendant contends that "[p]laintiff's claims should be characterized as federal claims for relief," *none* of plaintiff's claims are brought pursuant to or even reference federal law.  As such, resolution of potential federal issues is not essential, and thus, determination of federal law is not a necessary element of one of the well-pleaded state claims.  See Christianson v. Colt Industries Operating Corp., 486 U.S. 800, 810 (1988) ("[A] claim supported by alternative theories in the complaint may not form the basis for [federal] jurisdiction unless [federal] law is essential to each of those theories.").

Accordingly, the court REMANDS this action back to the Superior Court of California, County of Yuba.

IT IS SO ORDERED.

DATED: September 28, 2010

FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE